## OHIO & MISSISSIPPI RAILWAY COMPANY
### v.
## WILLIAM H. BROWN.

| 46  137
| 49   41

*Railroads—Failure of Freight Train To Stop for Passenger at Depot—Usage.*

Where a shipper of live stock on a railroad had a contract for the shipment of stock, with a provision that he might accompany and care for the stock *in transitu,* and the train to which his cars were attached failed to stop at the platform of the depot for him to get on board, in an action brought by the shipper against the railroad company to recover damages occasioned by his not accompanying his stock, *held,* that upon the case presented, the company was under no obligation to stop at the depot for the shipper to board the train, the custom being otherwise.

[Opinion filed April 11, 1892.]

APPEAL from the Circuit Court of Cass County; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. POLLARD & WERNER and HENRY PHILLIPS, for appellant.

Mr. R. W. MILLS, for appellee.

MR. JUSTICE WALL. Appellee recovered a judgment against appellant for $174.06 in an action on the case. The declaration contained but one count, which alleged substantially that plaintiff, who was a stock shipper, had contracted for the shipment of two car loads of live stock from Flora to Philadelphia, Ill., on the line of defendant's railroad, under a written contract which provided that he should accompany and care for the stock in transit; that defendant did not stop the train on which his stock was loaded, at a point in the town of Flora, where it could be conveniently boarded by him, but on the contrary thereof ran and propelled the said train past the passenger station

and ticket office of the defendant, at said station of Flora, at such a high rate of speed that the same could not safely be boarded by the plaintiff, whereby he was prevented from accompanying the cattle, and in consequence of this, two head of the cattle were killed and four others injured, and he had to pay his railroad fare to his destination. Plea, not guilty.

It was not alleged nor was it proved that there was any want of time, after appellee loaded his stock and obtained his transportation, within which to get on the train; but it appears that without making inquiry as to when the train would start or where it would start from he went to a restaurant to get a lunch. While there, as he says, some one told him the train would start in ten minutes and he thereupon got up, went out, and immediately the train passed the station platform without stopping, and so rapidly that he could not get aboard. It appears that the train did not go on its schedule time, but was somewhat late in starting. Therefore the only ground of complaint is that it did not stop at the platform. It does not appear that it was accustomed to start from there, but rather that it would start from any place in the yard where it might be when made up, and that persons wishing to ride on it were expected to get aboard wherever the caboose might be. This is so generally customary that a person wishing to travel on a freight train would presumably know it, or would at least inquire about it.

The court refused to give the following instruction asked by defendant:

4th. The court instructs the jury that the law does not require of railroad companies that they stop their freight trains, upon which passengers are carried, at the platforms of their passenger depots, for the purpose of receiving passengers, but they have the right to receive passengers on such trains at the usual places adopted for that mode of travel; and you are further instructed that if it appears from the evidence that the plaintiff was entitled to ride upon the train in question, and that it was a freight train,

and that he undertook to board the same from the platform of the passenger depot of defendant at Flora, and failed because the train did not stop at the platform, and it is not shown by the evidence that it was the custom of the defendant to stop that particular train at the said platform for the purpose of receiving passengers, there can be no recovery, and your verdict must be for the defendant.

In view of the evidence we think it was error to refuse this instruction, for which the judgment must be reversed and the cause remanded.

*Reversed and remanded.*